**STATE of Minnesota, Respondent,**

v.

**POR HUE VUE, aka Tho Bee Khang, Appellant.**

**No. A07–1401.**

Court of Appeals of Minnesota.

Aug. 5, 2008.

Lori Swanson, Attorney General, and Susan E. Gaertner, Ramsey County Attorney, Mark N. Lystig, Assistant County Attorney, St. Paul, MN, for respondent.

Lawrence Hammerling, Chief Appellate Public Defender, Leslie J. Rosenberg, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by ROSS, Presiding Judge; JOHNSON, Judge; and HARTEN, Judge.

## OPINION

HARTEN, Judge.*

Based on evidence seized during a search of his residence, appellant Por Hue Vue was charged with first-degree controlled substance crime. The district court denied appellant's pretrial motion to suppress evidence, and, following a *Lothenbach* hearing, he was convicted of the charge. Appellant challenges the conviction, asserting that the evidence should have been suppressed because it resulted from an illegal search.

## FACTS

Appellant's wife called the police on 21 August 2006 because appellant and other people were smoking illegal drugs in their house. She met the police in the front yard, unlocked the front door, let them into the house, and pointed to a back room. While the officers were in the entryway, appellant came out of a closet area and approached his wife. The officers testified that his appearance caused them to believe he was under the influence of illegal narcotics: he was sweaty and he could not hold still, maintain eye contact, or concentrate on the officers. One officer asked appellant, in English, if he lived there; appellant replied, in English, that he did.

The officers went to the back room, where they noticed disassembled electronic

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

equipment, small baggies, a pipe with a white residue, and a blow torch; their experience and training led them to believe these items were indicia of the use of controlled substances. As the officers left the back room, they observed appellant arguing in the Hmong language with his wife, who was upset and crying. One officer spoke with her; the other officer conducted a *Terry* stop and a pat search of appellant for weapons because he believed appellant to be under the influence of methamphetamine and therefore subject to paranoid thoughts.

The officer heard crinkly material, like cellophane, in appellant's pants pocket and, believing it to be a wrapper for narcotics, removed it. It appeared to contain crystal methamphetamine. He then arrested appellant for possession of a controlled substance and handcuffed him. A further search of appellant pursuant to the arrest produced from his shirt pocket a plastic bag that appeared to contain more methamphetamine. Appellant was placed in the squad car.

The officers, concerned because of the presence of children in a house that might contain more controlled substances, sought permission from appellant's wife to search the house. She consented to their search

of the back room and closet area. A K–9 unit was called; its search revealed a gun in the back room and more narcotics in the closet. At no time did appellant object to the officers' entry or search of his house.

## ISSUE

■ Was appellant's right to be secure against unreasonable searches conferred by U.S. Const. amend. IV and Minn. Const. art. I, § 10, violated by a police search of appellant's residence to which appellant did not object and to which appellant's co-tenant consented? [1]

## ANALYSIS

■ "[W]hen reviewing a pre-trial order suppressing evidence where the facts are not in dispute and the trial court's decision is a question of law, the reviewing court may independently review the facts and determine, as a matter of law, whether the evidence need be suppressed." *State v. Othoudt*, 482 N.W.2d 218, 221 (Minn. 1992).

■ "The right of the people to be secure in their ... houses ... against unreasonable searches ... shall not be violated...." U.S. Const. amend. IV; Minn. Const. art. I, § 10.[2] "[A] warrantless

---

1. Appellant also argues that his rights were violated when he was personally searched without consent because the officer's failure to find a weapon rendered the search invalid. He offers no support for this argument. We conclude that appellant's appearance and behavior provided the officers with reason to believe he might be armed and dangerous; accordingly, the officers subjected appellant to a pat down search. *See Terry v. Ohio*, 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889 (1968) (holding that, to justify an officer's search of an individual, the issue is "whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger").

2. The language of Minn. Const. art. I, § 10, is almost identical to that of U.S. Const. amend. IV. *Compare* Minn. Const. art. I, § 10 ("The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the person or things to be seized."), *with* U.S. Const. amend. IV ("The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrant shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to

search of a shared dwelling for evidence over the express refusal of consent by a physically present resident cannot be justified as reasonable as to him on the basis of consent given to the police by another resident." *Georgia v. Randolph*, 547 U.S. 103, 120, 126 S.Ct. 1515, 1526, 164 L.Ed.2d 208 (2006). Appellant relies on *Randolph* to argue that his wife's consent to the search did not make the search reasonable as to him and that the evidence obtained from the search must therefore be suppressed. But *Randolph* is distinguishable: unlike the *Randolph* defendant, appellant did not expressly refuse the search.

Appellant's situation is similar to that of the nonconsenting defendant in *United States v. Matlock*, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974), who was also detained in a squad car. *Id.* at 179, 94 S.Ct. at 997 (Douglas, J., dissenting). *Matlock* holds that "the consent of one who possesses common authority over premises or effects is valid as against the absent, nonconsenting person with whom that authority is shared." *Id.* at 170, 94 S.Ct. at 993.

*Randolph* explicitly reconciled its holding with that of *Matlock:*

> [W]e have to admit that we are drawing a fine line; if a potential defendant with self-interest in objecting is in fact at the door and objects, the co-tenant's permission does not suffice for a reasonable search, whereas the potential objector, nearby but not invited to take part in the threshold colloquy, loses out.
>
> This is the line we draw, and we think the formalism is justified. So long as there is no evidence that the police have removed the potentially objecting tenant from the entrance for the sake of avoiding a possible objection, there is practical value in the simple clarity of com-

plementary rules, one recognizing the co-tenant's permission when there is no fellow occupant on hand, the other according dispositive weight to the fellow occupant's contrary indication when he expresses it.... [W]e think it would needlessly limit the capacity of the police to respond to ostensibly legitimate opportunities in the field if we were to hold that reasonableness required the police to take affirmative steps to find a potentially objecting co-tenant before acting on the permission they had already received.

547 U.S. at 121–22, 126 S.Ct. at 1527. Appellant, unlike the *Randolph* defendant, was not "at the door and object[ing]"; rather, like the *Matlock* defendant, he was "nearby but not invited to take part in the threshold colloquy." The police, having obtained appellant's wife's consent to the search, were not obliged to see if appellant would object to it. We conclude that the search did not violate appellant's constitutional state and federal right to be secure against unreasonable searches.

## DECISION

The district court, having correctly concluded that the police search of parts of appellant's house did not violate U.S. Const. amend. IV or Minn. Const. art. I, § 10, lawfully denied appellant's motion to suppress the evidence resulting from that search.

**Affirmed.**

be searched and the persons or things to be seized.").